IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50405
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY SPARKS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-70-3
--------------------
December 14, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tony Sparks appeals his sentence from his guilty-plea conviction for aiding and abetting carjacking which resulted in the shooting death of Todd Bagley.  See 18 U.S.C. §§ 2, 2119(3).

Sparks challenges the district court's application of U.S.S.G. § 2B3.1(c)(1), which cross-references to the base offense level for murder, U.S.S.G. § 2A1.1(a).  Sparks asserts that he was sentenced for a murder that he did not commit.  He contends that he was at home when the remaining group of carjackers bought lighter fluid, shot the two victims in the car

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trunk, and then burned the carjacked vehicle.  He contends that the murders were not reasonably foreseeable to him and, even if they were, the district court failed to make the requisite findings under U.S.S.G. § 1B1.3, relevant conduct.

Contrary to Sparks' contention, he was not sentenced for murder; he was sentenced from his guilty-plea conviction for aiding and abetting carjacking which resulted in the death of Bagley.  See 18 U.S.C. §§ 2, 2119(3); United States v. Harris, 104 F.3d 1465, 1475 (5th Cir. 1997).  Sparks' responsibility for the death of Todd Bagley arises as an element of the offense to which he pleaded guilty.  See Jones v. United States, 526 U.S. 227, 252 (1999).  The sentencing court was not required to make findings of fact about the reasonable foreseeability of Bagley's murder.  The relevant conduct for which Sparks is held accountable is pursuant to U.S.S.G. § 1B1.3(a)(1)(A), not subsection (a)(1)(B), based on Sparks' own conduct.  See United States v. Carreon, 11 F.3d 1225, 1237 n.60 (5th Cir. 1994).  The district court properly applied the cross reference to the murder guideline.

Sparks' remaining argument, concerning the district court's determination not to adjust Sparks' offense level for acceptance of responsibility, is equally unavailing.  The district court did not clearly err.  See United States v. Tremelling, 43 F.3d 148, 152 (5th Cir. 1995).

AFFIRMED.